**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DAVID JAMES STEPHEN,        ) Case No.: 1:13-cv-00580-SAB (HC)
                            )
        Petitioner,          ) ORDER GRANTING RESPONDENT'S MOTION
                            ) TO DISMISS PETITION FOR WRIT OF HABEAS
    v.                       ) CORPUS AS UNTIMELY, DIRECTING CLERK
                            ) OF COURT TO ENTER JUDGMENT, AND
K. HOLLAND,                   ) DECLINING TO ISSUE A CERTIFICATE OF
                            ) APPEALABILITY
        Respondent.          )
                            ) (ECF No. 9)
_____ )

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

**I.**

**RELEVANT HISTORY[1]**

On June 10, 2010, Petitioner pled no contest to attempted murder by shooting at an inhabited dwelling as an active participant in a criminal street gang and admitted the great bodily injury enhancement. Pursuant to the negotiated plea agreement, Petitioner was sentenced to a determinate state prison term of twelve years.

///

---

[1] This information is derived from the state court documents lodged by Respondent on July 10, 2013. (LDs 1-10.)

1

On April 11, 2011, Petitioner filed a notice of appeal in the California Court of Appeal, Fifth Appellate District.  On October 12, 2011, Petitioner requested dismissal of the appeal, which was granted on October 13, 2011.  Petitioner did not seek review in the California Supreme Court.

Petitioner subsequently filed three pro se state post-conviction collateral petitions.[2]  The first petition for writ of habeas corpus was filed on September 26, 2012.[3]  The petition was denied on September 28, 2012.

The second petition for writ of habeas corpus was filed January 5, 2013, in the California Court of Appeal, Fifth Appellate District.  The petition was denied on January 25, 2013.

The third petition for writ of habeas corpus was filed on February 6, 2013, in the California Supreme Court.  The petition was denied on April 10, 2013.

Petitioner filed the instant federal petition for writ of habeas corpus on April 15, 2013.  Respondent filed the instant motion to dismiss the petition as untimely on June 25, 2013.  Petitioner filed an opposition on July 15, 2013, and Respondent filed a reply on July 19, 2013.

## I.

## DISCUSSION

### A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

---

[2] Unless otherwise noted, the petitions listed in this motion reflect application of the mailbox rule.  See Rule 3(d) of the Federal Rules Governing Section 2254 cases.

[3] The first state petition filed in the Tulare County Superior Court does not contain a signature date or proof of service.  Therefore, the mailbox rule cannot be applied to the first petition.

599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  <u>See Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). The instant petition was filed on April 15, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, on October 13, 2011, the California Court of Appeal, dismissed the appeal at Petitioner's request pursuant to California Rules of Court, rule 8.316.  (LDs 3, 4.)  Thus, direct review became final ten days thereafter, on October 23, 2011, when the time to appeal a petition for review in the California Supreme Court expired.  Cal. Rules of Court, Rule 8.500(e)(1).  Therefore, the one year limitations period began on the following day, October 24, 2011, and absent tolling, was set to expire on October 23, 2012.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

### C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law.  Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006).  Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling.  Id.

### 1.    Time Elapsed Before Filing First State Petition

Because the statute of limitations commenced running on October 24, 2011, and Petitioner filed his first state petition on September 26, 2012, 338 days of the limitations period lapsed.  Nino v.

1  Galaza, 183 F.3d at 1006-1007 (no tolling during period of time between final decision issued on

2  direct appeal and filing of first state collateral petition).

3          2.      Tolling During Period First State Petition was Pending

4          Petitioner is entitled to tolling during the time the first petition was pending in the state court,

5  from September 26, 2012 (date first petition filed) through September 28, 2012 (date first petition

6  denied).  (LDs 5-6.)  See Pace v. DiGuglielmo, 544 U.S. at 410 (stating that the limitations period is

7  tolled while "a properly filed application for state post-conviction or other collateral review with

8  respect to the pertinent judgment or claim is pending").

9          3.      End of Limitations Period

10         As explained, the statute of limitations period commenced running on October 24, 2011, and

11  with the benefit of three days of tolling during the pendency of the first state petition, the limitations

12  period expired on October 26, 2012.  Thus, absent equitable tolling, the instant petition filed on April

13  15, 2013, is untimely by nearly five months.

14         4.      Subsequent State Post-Conviction Petitions

15         Petitioner filed his second state petition on January 5, 2013, over two months after the statute

16  of limitations expired.  Thus, the filing of the second and third state petitions after the limitations

17  period expired did not restart the clock at zero or otherwise save his claims from being time-barred.

18  Accordingly, once the limitations period has expired, the filing of subsequent petitions did not revive

19  it.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th

20  Cir. 2011).  Consequently, Petitioner's second and third petitions did not extend the statute of

21  limitations and both were untimely.

22         Furthermore, Petitioner is not entitled to tolling for the time period between the denial of the

23  first petition to the filing of second petition, as there was an unreasonable delay of 99 days before the

24  second petition was filed in the California Court of Appeal on January 5, 2013.  See Evans v. Chavis,

25  546 U.S. at 201; Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that interval

26  delays of 81 days and 92 days between filing was unreasonable); Chaffer v. Prosper, 592 F.3d 1046,

27  1048 (9th Cir. 2010) (finding that delays of 101 and 115 days between filings were unreasonable and

28  therefore not entitled to interval tolling); Livermore v. Sandor, No. 08-16181, 2012 WL 2513951, at

*1 (9th Cir. 2012) (unpublished) (finding that a 77-day delay was not reasonable and therefore not entitled to statutory tolling).  Therefore, tolling is not available for the period of time from the denial of the first petition (September 28, 2012) to the filing of the second state petition (January 5, 2013).

Petitioner contends that the 99-day delay is attributed to his "cognitive disabilities" and "vagaries of prison life."  These vague allegations do not justify the 99-day delay.

First, Petitioner did not present the justification for the delay to the state court, rather it was presented for the first time to this Court.  The blank form for the state habeas corpus petition which Petitioner filed, specifically directed to "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition.  (See In re Swain (1949) 34 Cal.2d 300, 304.)"  (LD 7 at p. 6.)  Petitioner did not respond to the statement, but rather indicated "Please see attached memorandum of points and authorities," which did not set forth any explanation for any delay but simply stated his claims for relief.  (LD 7 at p. 6.)  Petitioner merely reiterated his two claims (indeed by way of photocopy of the prior petition) and added a third claim in which he attempted to explain how the superior court was wrong in their denial of his state habeas petition.  (LD 7.)  Petitioner has offered the justification for his delay in filing the subsequent state habeas petition for the first time in this Court.  However, as set forth in Chavis, "the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness."  Chavis, 546 U.S. at 198.  Thus, timeliness is determined as of the time the state petition was filed, and the failure to establish that a petition was filed "within a reasonable time" in the state petition renders it untimely under California law.  In re Robbins, 18 Cal.4th 770, 814 (1998) (a petitioner must show particular circumstances, based on allegations of specific facts, sufficient to justify the delay; allegations made in general terms are insufficient.)  Because Petitioner made only limited changes to his petition between the levels of review without any justification for the unreasonable delay of 99 days, interval tolling is not available.

Petitioner cites Cross v. Sisto, 676 F.3d 1172 (9th Cir. 2012) for support that although the time between the filing of petitions is usually 30 to 45 days, it may be longer.  However, in Cross, the intervals between the filings of the state court petitions consisted of 36 days and 15 days during the first round, and 35 days, 26 days, and 12 days during the second round of review.  Id. at 1179.

Petitioner's delay of 99 days is substantially longer than any of the delays in <u>Cross</u>, and under the

circumstances present in this case was unreasonable.   Accordingly, interval tolling is not available.

### D.   Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates:

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way." <u>Holland v. Florida</u>, 130 S.Ct.2549, 2562 (2010); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418

(2005).  Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at

418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th

Cir.1993).  Equitable tolling is "unavailable in most cases." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th

Cir. 1999).  Thus, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high,

lest exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002).

Construing Petitioner's opposition liberally, he contends he is entitled to equitable tolling

based on his reliance on an inmate assistance to "help him through the process." (Opp'n at 3.)  Courts

have routinely found that a prisoner is not entitled to equitable tolling based on his reliance on an

inmate assistance. <u>See, e.g.</u>, <u>Chaffer v. Prosper</u>, 592 F.3d at 1049 (no tolling for delay caused by

"reliance on [inmate] helpers who were transferred or too busy"); <u>see also</u> <u>Marsh v. Soares</u>, 223 F.3d

1217, 1220-1221 (10th Cir. 2000) (allegation that inmate law clerk who assisted the petitioner took

170 days to prepare a state habeas application held to be insufficient to warrant equitable tolling,

because the fact that another inmate provided assistance "[did] not relieve [petitioner] from the

personal responsibility of complying with the law"); <u>Henderson v. Johnson</u>, 1 F.Supp.2d 650, 655

(N.D. Tex. 1998) (finding the petitioner, who sought to file a petition for writ of habeas corpus and

then sought the assistance of another inmate, was always "in charge of his habeas petition" and that his

reliance on another inmate was voluntary).  Thus, Petitioner's reliance on an inmate assistant was

voluntary and did not constitute an extraordinary circumstance beyond his control to warrant equitable

tolling.

Petitioner also makes the bare reference to the vagaries of prison life that makes access to his

inmate assistance difficult as a basis for equitable tolling.  However, incidents such as prison

lockdowns have been rejected as an excuse for a petitioner's failure to show diligent pursuit of claims

1 where the petitioner did not demonstrate how the alleged institutional lockdowns interfered with the

2 ability to file within the time frame.  United States v. Van Poyck, 980 F.Supp. 1109, 1111 (C.D. Cal.

3 1997).  In fact, it has been recognized that institutional lockdowns are not an extraordinary

4 circumstance but rather a routine incident in prison life for which a prisoner must take into

5 consideration.  Id.; see also Ramirez v. Yates, 571 F.3d 998 (9th Cir. 2009) (petitioner's four-month

6 stay in administrative segregation with limited access to the law library and a copier did not justify

7 equitable tolling because '[o]rdinary prison limitations on [one's] access to the law library and copier

8 (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary'

9 nor made it 'impossible' for him to file his petition in a timely manner.''); Nelson v. Sisto, No. C-11-

10 0313 EMC, 2012 WL 465443, at *6 (N.D. Cal. Feb. 13, 2012) (finding petitioner's allegations of

11 prison lockdowns that lasted months at a time, including one lockdown that lasted a year, were

12 "nothing more than routine prison circumstances that most habeas prisoners face and did not amount

13 to extraordinary circumstances or make it impossible for him to file on time.") (citing Ramirez v.

14 Yates, 571 F.3d at 998; Chaffer v. Prosper, 592 F.3d at 1049).  Therefore, Petitioner's vague excuse

15 regarding the "vagaries of prison life" does not warrant equitable tolling of the limitations period.

16      Furthermore, Petitioner's claim regarding his cognitive disabilities is completely vague and

17 lacks factual support.  Petitioner fails to set forth the nature of his alleged disabilities, the time period

18 he suffered from such disability, and how it prevented him from filing a timely petition.  Petitioner

19 presents only a vague and conclusory allegation.  Thus, any claim that Petitioner suffers from a

20 disability that prevented him from timely filing the instant petition is devoid of facts to show that

21 equitable tolling is available.  Pace v. DiGuglielmo, 544 U.S. at 418.

22      Accordingly, Respondent's motion to dismiss the instant petition with prejudice as untimely

23 must be granted.

24      **E.**    **Certificate of Appealability**

25      Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or

26 deny a certificate of appealability when it enters a final order adverse to the petitioner.  The

27 requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that

28 protects the Court of Appeals from having to devote resources to frivolous issues, while at the same

time affording petitioners an opportunity to persuade the Court that, through full briefing and

argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th

Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253,

provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial

showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529

U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial

showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

Reasonable jurists would not find it debatable that the instant petition for writ of habeas corpus is untimely under §2244(d)(1).  Accordingly, the Court declines to issue a certificate of appealability.

## II.

## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1.      Respondent's motion to dismiss the instant petition for writ of habeas corpus with prejudice as untimely is GRANTED;

2.      The Clerk of Court is directed to enter judgment; and

3.      The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 25, 2013**

UNITED STATES MAGISTRATE JUDGE